## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | | |
|---|---|---|
| KIM DEY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 17-cv-1423 |
| | ) | **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) | **Jury Trial Demanded** |
| EDUCATORS CREDIT UNION, | ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

1.      This class action seeks redress for outrageous collection practices that violate Wisconsin law regulating mortgage bankers. Wis. Stat. § 224.77(1). After foreclosing Plaintiff's mortgage pursuant to a Wisconsin statute that, in exchange for a shorter redemption period, forbids a creditor from seeking a deficiency, Defendant Educators Credit Union ("Educators") nonetheless attempted to collect alleged deficiency from Plaintiff.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 28 U.S.C. §§ 1332, 1332d and 1367.

3.      Plaintiff resides in the state of Wisconsin. Defendant is a federal credit union whose primary place of business is located in Wisconsin.

4.      This matter in controversy potentially exceeds $5,000,000. Each member of the proposed Class is entitled to recover the greater of his or her actual damages or statutory damages between $100 and $25,000.00, plus costs and reasonable attorney's fees. Wis. Stat. § 224.80(2).

5.      Further, at least one Class member belongs to a different state from Educators. Educators is located in Wisconsin. One of the class members is Donald Dey, Plaintiff's former

spouse, who is a citizen of the state of Michigan. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present.

6.      Venue in this District is proper in that Defendant directed its collection efforts into the District.

## **PARTIES**

7.      Plaintiff Kim Dey is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

8.      Defendant Educators is a credit union organized under the laws of the United States of America. Defendant Educators is headquartered at 1326 Willow Rd., Mount Pleasant, Wisconsin 53177.

9.      Educators is in the business of, among other things, originating, acquiring, and servicing residential mortgage loans owed to itself or its predecessors in interest. *See* https://www.ecu.com/personal/loans/home-loans/.

10.     With respect to Plaintiff and the class, Educators is a "mortgage banker." Wis. Stat. § 224.71(3) ("'Mortgage banker' means a person who does any of the following: (c) [sic] Originates residential mortgage loans for itself, as payee on the note evidencing the residential mortgage loan, or for another person; (d) Sells residential mortgage loans or interests in residential mortgage loans to another person; or (e) Services residential mortgage loans or provides escrow services.").

11.     Credit Unions are corporations, and are thus "persons" for the purpose of statutory construction. Wis. Stat. § 990.01(26); Wis. Stat. § 186.01(2). The term "person" in Wis. Stat. § 224.71(3) "includes all partnerships, associations and bodies politic or corporate." Wis. Stat. § 990.01(26).

## FACTS

12.     On or around October 29, 2005, Plaintiff and her then husband Donald Dey obtained a mortgage loan with the principal amount of $68,000.00 (the "Mortgage Loan") from Educators.

13.     In or around mid-2016, the Mortgage Loan was in default.

14.     On October 3, 2016, Educators filed a lawsuit against Plaintiff and Donald Dey in the Wisconsin Circuit Court, Milwaukee County, seeking foreclosure of the Mortgage Loan. A copy of the complaint in the foreclosure action is attached as <u>Exhibit A</u>.

15.     Wisconsin Circuit Court Access ("CCAP") shows that, on January 23, 2017, the state court entered a default judgment of foreclosure against Plaintiff and Donald Dey. A copy of the "Findings of Fact, Conclusions of Law, Judgment of Foreclosure" document ("Foreclosure Judgment"), signed by the state court judge, is attached as <u>Exhibit B</u>.

16.     The Foreclosure Judgment included a three month redemption period pursuant to Wis. Stat. § 846.101.

17.     Educators' complaint makes clear that the foreclosure is without recourse and that Educators "*<u>waives judgment for any deficiency.</u>*" <u>Exhibit A</u> (emphasis in original).

18.     Likewise, the Foreclosure Judgment also states: "**Plaintiff** [i.e. Educators] **waives the right to enter a deficiency judgment**. <u>Exhibit B</u> at 3, ¶ 10 (emphasis in original).

19.     Subsequently, the property was sold at a sheriff's sale for $45,000. A copy of the "Order Confirming Sale" is attached as <u>Exhibit C</u>.

20.     Plaintiff's copy of <u>Exhibit C</u> is unsigned, but CCAP indicates that the state court entered the Order Confirming Sale on June 12, 2017 and upon information and belief, the signed order is in the same form as <u>Exhibit C</u>. A copy of the "Court Record of Events" available on CCAP is attached as <u>Exhibit D</u>.

3

21.     Within a few days after June 2, 2017, Educators mailed a "MORTGAGE STATEMENT" to Plaintiff regarding the same Mortgage Loan and property described above.  A copy of the mortgage statement is attached as Exhibit E.

22.     Exhibit E represents that the Mortgage Loan is still owing, in the amount of $54,072.92, despite that the sheriff's sale was imminent and the foreclosure statute under which Educators had chosen to proceed forbid Educators from seeking a deficiency. Wis. Stat. § 846.101.

23.     Exhibit E demands that the Plaintiff pay "$4,395.23," which amount is "due by 07/01/2017."

24.     About one month later, within a few days after July 2, 2017, Educators mailed a "MORTGAGE STATEMENT" to Plaintiff regarding the same Mortgage Loan and property described above.  A copy of the mortgage statement is attached as Exhibit F.

25.     Exhibit F represents that the Mortgage Loan is still owing, in the amount of $54,072.92, despite that Educators had received $45,000.00 of that amount from the proceeds of the sheriff's sale and that the foreclosure statute under which Educators had chosen to proceed forbid Educators from seeking a deficiency. Wis. Stat. § 846.101.

26.     Exhibit F demands that the Plaintiff pay "$4,706.81," which amount is "due by 08/01/2017."

27.     Exhibits E and F misrepresent that Plaintiff owes a debt to Educators.

28.     As discussed above, the alleged debt referenced in Exhibits E and F was both wrong in amount and was an alleged deficiency arising from the Mortgage Loan when no deficiency is permitted.

29.     Educators' conduct would be a violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") if the FDCPA generally applied to original

4

creditors. It would also be a violation of the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. (the "WCA"), if the amount did not exceed the WCA's $25,000 limit. Wis. Stat. § 421.202(6), *see also* 427.104(1)(j). Plaintiff does not bring an FDCPA claim or a WCA claim in this complaint.

30.     Wisconsin law regulating mortgage bankers, however, does not allow mortgage bankers to engage in the type of conduct here.

31.     Wis. Stat. § 224.77(1) states, in relevant part:

Prohibited acts and practices, and discipline, of mortgage bankers, mortgage loan originators, mortgage brokers, and registered entities.

(1)   PROHIBITED ACTS AND PRACTICES. No mortgage banker, mortgage loan originator, mortgage broker, or, with respect to pars. (f), (fg), (g), (gd), and (gh), registered entity, and no member, officer, director, principal, partner, trustee, or other agent of a mortgage banker, mortgage broker, or registered entity may do any of the following:

(b) Make, in any manner, any materially false or deceptive statement or representation, including engaging in bait and switch advertising or falsely representing residential mortgage loan rates, points, or other financing terms or conditions.

(c) Make a false, deceptive, or misleading promise relating to the services being offered or that influences, persuades, or induces a client to act to his or her detriment.

(d) Pursue a continued and flagrant course of misrepresentation, or make false promises, whether directly or through agents or advertising.

(i) Demonstrate a lack of competency to act as a mortgage banker, mortgage loan originator, or mortgage broker in a way that safeguards the interests of the public.

(k) Violate any provision of this subchapter, ch. 138, or any federal or state statute, rule, or regulation that relates to practice as a mortgage banker, mortgage loan originator, or mortgage broker.

(L) Engage in conduct that violates a standard of professional behavior which, through professional experience, has become established for mortgage bankers, mortgage loan originators, or mortgage brokers.

(m) Engage in conduct, whether of the same or a different character than specified elsewhere in this section, that constitutes improper, fraudulent, or dishonest dealing.

32.     Defendant knew or should have known that its misrepresentations violate multiple subsections of Wis. Stat. § 224.77(1).

33.     Wisconsin law provides a private right of action to remedy a mortgage banker's violations of Wis. Stat. § 224.77(1). Wis. Stat. § 224.80(2) states:

> PRIVATE CAUSE OF ACTION. A person who is aggrieved by an act which is committed by a mortgage banker, mortgage loan originator, or mortgage broker in violation of any provision of this subchapter or of any rule promulgated under this subchapter may recover all of the following in a private action:
>
> **(a)** An amount equal to the greater of the following:
>
> **1.** Twice the amount of the cost of loan origination connected with the transaction, except that the liability under this subdivision may not be less than $100 nor greater than $25,000 for each violation.
>
> **2.** The actual damages, including any incidental and consequential damages, which the person sustained because of the violation.
>
> **(b)** The aggregate amount of costs and expenses which the court determines were reasonably incurred by the person in connection with the action, together with reasonable attorney fees, notwithstanding s. 814.04 (1).

34.     Any reasonable and competent lender would cease sending statements seeking payment and representing that the borrower owed one or more regular payments, when in fact, the loan had been accelerated, the mortgage foreclosed and the property sold at a sheriff's sale.

35.     Defendant's misrepresentation is likely to cause emotional distress to the unsophisticated consumer, who is afraid of having to deal with debt that the consumer believed to be resolved, but was now reappearing.

36.     As a result of Educators' conduct, Plaintiff suffered emotional distress. She had made the decision to walk away from the property with the understanding that the foreclosure would be without recourse to her personally, in exchange for the shorter redemption period. Educators' mortgage statement led her to believe that Educators would, in fact, pursue a deficiency against her personally.

6

37.     Plaintiff also had to spend time and money investigating Exhibits E and F, and the consequences of any potential responses to Exhibits E and F.

38.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits E and F.

## COUNT I – Wis. Stat. § 224.77(1)

39.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40.     Educators attempted to collect a deficiency despite the state court's order stating that Educators had waived any deficiency claims.

41.     Educators attempted to collect Plaintiff's alleged debt that did not exist.

42.     Educators misrepresented to Plaintiff that she owed a total of $54,072.92 and a payment of approximately $4,400 one month and $4,700 the following month, when Plaintiff did not have any personal liability for the Mortgage Loan.

43.     Defendant violated Wis. Stat. § 224.77(1)(b), 224.77(1)(c), 224.77(1)(d), 224.77(1)(i), 224.77(1)(k), 224.77(1)(L) and 224.77(1)(m).

## COUNT II
## STRICT LIABILITY MISREPRESENTATION
### (On Behalf of Plaintiff and the Class)

42.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

43.     Educators represented that Plaintiff and class members owed the balance of the mortgage loan or a deficiency, as discussed above, after the foreclosure redemption period had expired. Exhibits E, F.

7

44.     Educators knew or should have known, however, that Plaintiff and class members did not, in fact owe the balance of the loan or any deficiency by operation of law. Wis. Stat. § 846.101.

45.     Educators necessarily ought to have known untruth contained in its mortgage statements. Educators owed Plaintiff and the Class a duty to undertake reasonable efforts to make sure that the statements made to Plaintiff and the Class regarding such matters, were truthful and complete. Moreover, Educators is a sophisticated, state-licensed and regulated credit union whose business includes residential mortgage loans, and the misrepresentation was included in Educators' own mortgage statements.

46.     Educators' misrepresentations, unfair business and deceptive business practices were made negligently in that there was no reasonable basis for such representations, unfair business and deceptive business practices at the time such representations were made.

47.     In reliance upon the false representations made by Educators, members of the Class have made unnecessary payments to Educators for amounts not owed, and also suffered emotional distress.

48.     Plaintiff and the Class are therefore entitled to an award of compensatory and punitive damages to be determined at trial.

## COUNT III
## INJUNCTIVE AND DECLARATORY RELIEF
### (On Behalf of Plaintiff and the Class)

49.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

50.     As set forth above, Educators has intentionally misrepresented that class members owed a deficiency to Educators when no such amounts were owed.

8

51.    Educators' practices described herein are unlawful and against public policy, and therefore, Educators should be prohibited and enjoined from engaging in these practices in the future and should be compelled to correct the harm caused by its conduct.

## PUNITIVE DAMAGES UNDER § 895.043, WIS. STATS.
### (On Behalf of Plaintiff and the Class)

52.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

53.    Section 895.043(3), Wis. Stats. provides for an award of punitive damages in cases in which the defendant acts maliciously towards the plaintiff, or acts in intentional disregard of the rights of the plaintiff.

54.    Educators intentionally pursued and continues to pursue the herein-alleged fraudulent course of action designed to make money at the expense of consumers and did so knowing it was misleading. Educators' false, deceptive, and/or misleading practice of attempting to collect a deficiency to which Educators was barred by statute from collecting, constitutes malicious, reprehensible, oppressive, and fraudulent actions towards consumers, including Plaintiff and Class, and an intentional disregard of their rights.

55.    Accordingly, Educators has violated § 895.043, Wis. Stats., and punitive damages are appropriate to deter, punish, and make an example of Educators.

## CLASS ALLEGATIONS

61.    Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a mortgage statement in the form represented by Exhibits E or F to the complaint in this action, (c) seeking to collect a residential mortgage loan debt owed or formerly owed to Educators, (d), after Educators had obtained a judgment of foreclosure under Wis. Stat. § 846.101 or other statute that requires Educators to waive any

9

deficiency, and (e) after the redemption period had expired (f) between October 18, 2014 and October 18, 2017, inclusive, (g) that was not returned by the postal service.

62.     The Class is so numerous that joinder is impracticable.   On information and belief, there are more than 50 members of the Class.

63.     There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether the Defendant complied with Wis. Stat. § 224.77(1) and the common law.

64.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

65.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

66.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

67.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     Injunctive relief, including but not limited to:

i)      An Order enjoining Educators from mailing mortgage statements in the form of <u>Exhibits D or E</u> to the Complaint in this Action after judgment of foreclosure has been entered and the statutory redemption period had expired; and

ii)     An Order requiring Educators to implement reasonable procedures to detect accounts in which judgment of foreclosure has been entered and the statutory redemption period had expired, prior to mailing communications that represent that a customer owes a debt;

(d)     punitive damages;

(e)     attorneys' fees, litigation expenses and costs of suit; and

(f)     such other or further relief as the Court deems proper.

Dated:  October 18, 2017

**ADEMI & O'REILLY, LLP**

By:    <u>s/ John D. Blythin</u>
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com